**96-872.** State v. Schulte. *Mercer County*, No. 10–96–3. On April 18, 1996, appellant filed a notice of appeal of the judgment of the court of appeals entered in case No. 10–96–3 on March 13, 1996. Appellant asserted in his notice of appeal that the case originated in the court of appeals and was an appeal of right. Pursuant to S.Ct.Prac.R. V(3), the Clerk ordered the transmittal of the record from the court of appeals.

Upon review of the record, it is determined by the court that this case did not originate in the court of appeals but is an appeal of the court of appeals' decision denying appellant's motion for delayed appeal of the trial court's order of sentence entered September 2, 1993. Whereas this appeal is a discretionary appeal or claimed appeal of right and appellant did not file a memorandum in support of jurisdiction as required by S.Ct.Prac.R. II(2)(A)(1),

IT IS ORDERED by the court, *sua sponte*, that this case be, and hereby is, dismissed.

**96-1173.** Altier v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

**96-1175.** Lawson v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

**96-1177.** Crothers v. Fed. Correctional Inst., Inc. In Habeas Corpus. This cause originated in this court on the filing of a petition for a writ of habeas corpus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is, dismissed.

*Wednesday, May 22, 1996*

## MOTION DOCKET

**86-1118.** State v. Stumpf. *Guernsey County*, Nos. CA–760 and CA–793. On October 14, 1988, this court granted a stay of execution in this cause pending the exhaustion of state post-conviction remedies. On December 26, 1990, this court overruled the motion to certify and dismissed the appeal in case No. 90–1816, appellant's post-conviction appeal. On March 8, 1995, appellee filed a motion to set execution date. Upon consideration thereof,

It is ordered by the court, *sua sponte*, that the stay of execution entered in this cause on October 14, 1988, be, and is hereby revoked.

IT IS HEREBY ORDERED by this court that the sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Tuesday, the 20th day of August, 1996, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that the Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Guernsey County.

**90-177.** State v. Hill. *Trumbull County*, Nos. 3720 and 3745. On June 21, 1993, this court stayed the execution of sentence in this cause pending the filing of a petition for post-conviction relief. On November 15, 1995, this court declined jurisdiction and dismissed the appeal in case No. 95–1577, appellant's post-conviction appeal. On April 3, 1996, appellee filed a motion to set execution date. Upon consideration thereof,

It is ordered by the court, *sua sponte*, that the stay of execution entered in this cause on June 21, 1993, be, and is hereby revoked.

IT IS HEREBY ORDERED by this court that the sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Tuesday, the 20th day of August, 1996, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of